UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CHANDRA BOZELKO,** | Case No.: 3:18-cv-00390 |
| Plaintiff. | |
| v. | |
| **ZWICKER & ASSOCIATES, P.C.,** | |
| Defendant. | Dated: March 12, 2018 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
ZWICKER & ASSOCIATES, P.C.'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant Zwicker & Associates, P.C. ("Zwicker") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and respectfully shows as follows:

**Background**

Plaintiff Chandra Bozelko ("Bozelko") served via certified mail a Small Claims Writ on Zwicker on February 2, 2018 (hereinafter, "Writ"). The Writ simply alleges that "[o]n four separate occasions, Defendant Zwicker & Associates, PC contacted a third party in collection efforts for a debt allegedly owed by Plaintiff. Defendant had no permission to contact this third party and each contact made (two by telephone and two via USPS) violated the Fair Debt Collections[sic] Practices Act. Plaintiff is entitled to statutory damages." See, ECF Doc #1-1, ¶11.

Defendants removed the case to this Court on March 5, 2018.

**Legal Standard**

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (internal quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and decide whether it is plausible that the plaintiff has a valid claim for relief. *Iqbal*, 556 U.S. at 678-79; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than

"labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (quotation marks omitted).

## Argument

In order to sufficiently plead a violation of the FDCPA the complaint must allege the following three elements: (1) that the plaintiff is a "consumer" who allegedly owes a debt or a person who has been the object of efforts to collect a consumer debt; (2) the defendant collecting the debt is a "debt collector" as that term is defined by the FDCPA; and (3) that the defendant has engaged in any act or omission in violation of the FDCPA. *See Pape v. Amos Fin., LLC*, 2014 U.S. Dist. LEXIS 27047, at *7 (D. Conn. Mar. 4, 2014). As stated above, Bozelko simply alleges that "[o]n four separate occasions, Defendant Zwicker & Associates, PC contacted a third party in collection efforts for a debt allegedly owed by Plaintiff. Defendant had no permission to contact this third party and each contact made (two by telephone and two via USPS) violated the Fair Debt Collections[sic] Practices Act. Plaintiff is entitled to statutory damages." See, ECF Doc #1-1, ¶11. Bozelko has failed to allege all three elements necessary to state a claim under the FDCPA.

I. <u>Bozelko has failed to plead any facts suggesting that she is a "consumer" or that the amounts sought by Zwicker were "debts" as those terms are defined by the FDCPA.</u>

To state a claim for an alleged violation of the FDCPA, the plaintiff must be "a 'consumer' who allegedly owes a debt or a person who has been the object of efforts to collect a consumer debt." *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 225 (D. Conn. 2014). Likewise, "[w]hile the FDCPA protects consumers from abusive debt collection practices, it applies only in instances where a debt collector attempts to collect a debt within the meaning of the Act." *Scarola Malone & Zubatov LLP v. McCarthy, Burgess & Wolff*, 638 F. App'x 100, 102

(2d Cir. 2016) (summary order) (internal citations omitted).  A "debt" under the FDCPA "means any obligation . . . of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."  15 U.S.C. § 1692a(5).  Thus, FDCPA actions must concern consumer debts, or the "obligation[s] of a consumer," while "actions arising out of commercial debts" are not covered by the FDCPA.  *Goldman v. Cohen*, 445 F.3d 152, 154 n. 1 (2d Cir. 2006).

Bozelko has failed to allege that she is a "consumer" as defined under the FDCPA and has failed to allege any facts which would indicate that the debt was incurred primarily for personal, family, or household purposes.  As such, Bozelko has failed to set forth any facts to satisfy the first element to an FDCPA claim.

II.     <u>Bozelko has failed to allege that Zwicker is subject to the FDCPA</u>.

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Bozelko does not even plead that Zwicker is a debt collector, let alone any facts which, if taken as true, would plausibly suggest that Zwicker meets the definition of a "debt collector" under the FDCPA.  Consequently, Bozelko has failed to satisfy the second element to an FDCPA claim.

III.    <u>Bozelko has failed to allege sufficient facts to allow an inference that Zwicker's alleged actions or omissions violate the FDCPA</u>.

Bozelko has alleged that Zwicker contacted a third party without permission in connection with the attempted collection of a debt owed by Bozelko in violation of the FDCPA.

Notwithstanding that Bozelko has failed to plead that she is a "consumer" or that Zwicker is a "debt collector" as defined by the FDCPA, Bozelko has also failed to allege who the third party is that Zwicker allegedly contacted, what information, if any, was allegedly improperly provided to the third party and when the alleged contact with the third party occurred.  Without this information, it is not clear whether a violation of the FDCPA could have even occurred.  For example, the FDCPA restricts a debt collector from communicating, in connection with the collection of a debt, with anyone other than the consumer, the consumer's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  See 15 U.S.C. § 1692c(b).  A "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator."  15 U.S.C. § 1692c(d).  If the third party whom Zwicker allegedly contacted is Bozelko's attorney or spouse, for example, there would be no violation of the FDCPA because such contact would be permitted regardless of whether Bozelko pre-authorized the communication.

Without the who, what and when of Bozelko's claim, it is impossible to conclude, based on the Writ, whether a plausible claim under the FDCPA exists.  Accordingly, Bozelko has not set forth sufficient facts which would entitle her to relief under the FDCPA and Bozelko's claims should be dismissed.

**Conclusion**

For all the reasons stated above, individually and collectively, Defendant Zwicker & Associates, P.C. respectfully requests that this Court dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

ZWICKER & ASSOCIATES, P.C.

By its attorneys,

*/s/Annie Lajoie*
Annie Lajoie, Esq.
Zwicker & Associates, P.C.
1699 King Street, Suite 207
Enfield, CT 06082
Tel. 860-623-1122 ext. 6704
Fax 860-623-0046
alajoie@zwickerpc.com
Bar No. ct29590

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2018, I caused the foregoing document to be filed electronically with the Clerk of the District Court using the CM/ECF system. I also certify that I have caused a copy of the foregoing to be served via first class mail, postage prepaid on:

Chandra Bozelko
183 Wild Rose Drive
Orange, CT 06477

*/s/Annie Lajoie*
Annie Lajoie, Esq.
